UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUWAYNE LEDOUX,<br><br>Defendant. | No. 2:11-cr-000339-TLN<br><br>**ORDER** |

On June 20, 2016, Defendant Duwayne Ledoux ("Defendant") filed a motion with this Court seeking to reduce his sentence pursuant to Retroactive Amendment 782 of United States Sentencing Guideline ("U.S.S.G.") § 1B1.10 and 18 U.S.C. § 3582(c)(2). (ECF No. 143.) On September 1, 2016, the United States filed an opposition to Defendant's request. (ECF No. 146.) The Court has considered the arguments set forth by the parties and finds that Defendant's request for a sentence reduction is denied.

**I.   BACKGROUND**

On October 1, 2015, Defendant pled guilty to Counts 3 and 4 of the Superseding Indictment, charging Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and Conspiracy to Evade Monetary Reporting Requirements in violation of 18 U.S.C. § 371. (Presentence Report, ECF No. 132 at 1.) The Presentence Report recommended a

base offense level of 30 for Count 3 and a base offense level of 18 for Count 4.  (ECF No. 132 at 6–7.)  The Probation Report applied a 2-level increase to Count 4 based on the Defendant's knowledge that the money laundering involved drug proceeds. In addition a 2-level increase was applied because Defendant structured over $100,000 in 12 months. This resulted in a total offense level of 22 for Count 4.  (ECF No. 132 at 7–8.)  After applying a multiple count adjustment and a 3-level reduction for acceptance of responsibility, the report found a total offense level of 28.  (ECF No. 132 at 8.)  The Presentence Report also found a criminal history category of 1, resulting in a guideline range of 78 to 97 months in prison for Count 3 and a 60 month statutory minimum for Count 4.  (ECF No. 132 at 3.)

The Court held a sentencing hearing on December 3, 2015.  (ECF No. 136.)  The Court followed the presentence report's recommendations and found a total offense level of 28, criminal history category of 1, and guideline range of 78 to 97 months imprisonment.  (ECF No. 137.)  The Court sentenced Defendant to 84 months in prison for Count 3 and 60 months in prison for Count 4 to be served concurrently.  (ECF No. 137 at 2.)

**II.  STANDARD OF LAW**

The Court follows a two-step approach in determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2).  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.  Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing."  *Id.*  "Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range' produced by the substitution."  *Id.* (citing § 1B1.10(b)(2)(A)).  *See also U.S. v. Leniear*, 574 F.3d 668, 674 (9th Cir. 2009) (a sentence reduction is not consistent with Guidelines § 1B1.10 if an amendment does not have the effect of lowering the defendant's guideline range).

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable §

1  3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to
2  the policies relevant at step one is warranted in whole or in part under the particular
3  circumstances of the case." *Dillon*, 560 U.S. at 827.  "Because reference to § 3553(a) is
4  appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the
5  proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Id*.  "§ 3582(c)(2) does
6  not authorize a resentencing.  Instead, it permits a sentence reduction within the narrow bounds
7  established by the Commission." *Id.* at 831.

8  **III.  ANALYSIS**

9  Effective November 1, 2014, the United States Sentencing Commission adopted
10  Amendment 782, revising the Drug Quantity Table in U.S.S.G. § 2D1.1.  Defendant argues that
11  the amendment applies retroactively to his sentence under 18 U.S.C. § 3582(c)(2).  (ECF No. 143
12  at 1.)  The United States argues that Defendant is ineligible for a reduction because the base level
13  for the offense did not change under Amendment 782.  (ECF No. 146 at 4.)

14  At the time of sentencing, the Probation Officer calculated the offense level by converting
15  the quantities of each drug to its equivalent in marijuana.  (ECF No. 132 at 7.)  The Presentence
16  Report found a total weight of 1,609.14 kilograms of marijuana and Defendant did not dispute the
17  calculations.  (ECF No. 132 at 7.)  Under the then existing guidelines an offense involving at least
18  1,000 kilograms but less than 3,000 kilograms of marijuana had a base offense level of 30.  (ECF
19  No. 132 at 7.)  After Amendment 782, the guidelines still provide a base offense level of 30 when
20  the offense involves 1,000 to 3,000 kilograms of marijuana.  *See* U.S.S.G. § 2D1.1(c)(5).  Thus,
21  the guideline range applied during Defendant's sentencing remains unchanged.  Where an
22  amendment does not have the effect of lowering the guideline range, a sentence reduction is not
23  consistent with U.S.S.G. § 1B1.10.  *Leniear*, 574 F.3d at 674.  Therefore, Defendant is ineligible
24  for a sentence reduction under 18 U.S.C. § 3582(c)(2).
25  / / /
26  / / /
27  / / /
28  / / /

For the reasons set forth above, Defendant's motion to reduce his sentence is hereby DENIED.

IT IS SO ORDERED.

Dated: September 19, 2016

Troy L. Nunley
United States District Judge